The mother's affidavit states that she heard Serra's representation that the car was new, that in reliance on that representation she provided her daughter $500 for a down payment on the car, and that if she had known the vehicle was not new then she would not have provided the money for the down payment. Thus, she alleges, she was damaged at least to the extent of the amount of the down payment.
In order to withstand Serra's motion for a summary judgment, the mother was required to submit substantial evidence indicating that she reasonably relied on Serra's misrepresentation and that the misrepresentation proximately caused her to incur damage. See Ex parteGovernment Employees' Ins. Co., 729 So.2d 299, 304 (Ala. 1999). Because credibility determinations are not permitted at the summary-judgment stage, see Camp v. Yeager, 601 So.2d 924, 929 (Ala. 1992), the mother's affidavit provides substantial evidence on all the elements of the tort of misrepresentation.
I note, however, that a jury would be authorized to conclude that the mother did not incur any legally cognizable damage as a proximate result of Serra's misrepresentation. A reasonable view of the mother's testimony, taken in the light of common experience, might indicate that the mother had agreed to provide her daughter with a $500 down payment for a car, that the mother would have "lost" $500 regardless of the existence of the alleged misrepresentation, and that, even if the vehiclehad been new, as Serra represented, the mother still would have "lost" $500. The jury could find that her parting with the money, therefore, was not proximately caused by Serra's misrepresentation, but by her decision to provide the down payment on a vehicle for her daughter.